RECEIVED

MAR 2 3 2012

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

---

| | |
|---|---|
| JESSIE GRAY, JR., et al. | CIVIL ACTION NO.09-2105 |
| -vs- | JUDGE DRELL |
| SHIVANI NEGI, et al. | MAGISTRATE JUDGE KIRK |

R U L I N G

## I.    Introduction and Background

Before the Court are two pending motions. The first is a Motion to Dismiss for

Lack of Jurisdiction (Doc. 30) filed by Dr. Shivani Negi, Dr. Hollis Reed, Barbara

Watkins, and the United States of America (collectively "Defendants").[1] The second is

styled as a Motion to Amend/Correct Complaint (Doc. 35) filed by Jessie Gray, Jr.

who appears pro se.[2]

This and the related cases[3] arise from dissatisfaction for services rendered at

the Alexandria Veterans Affairs Medical Center in Alexandria, Louisiana ("Alexandria

VA"). Plaintiff's pleadings contain numerous allegations of misconduct against Dr.

---

[1]   Plaintiff opposed Defendants' motion, but his opposition (Doc. 34) contained identical arguments to those contained in his Motion to Amend/Correct Complaint.

[2]   There is no indication that Mary Ann Gray joins in this pleading, although she was previously named as a plaintiff.

[3]   The following individuals have filed suit against the same above-named Defendants based on similar causes of action: Floyd Hamilton, III (09-860); Bertha Hamilton (10-664); Jessie Gray, Jr. et al (09-2105), Dennis M. Egelston (10-0793), Debi Tullis Bell (10-0794), Johnny W. Fitt (10-0795), Rogetta T. Odhams  (10-0798), Jessie L. Wade (10-0799), Carolyn A. Davis (10-0800), Lavelle T. Tullis (10-0807), and Ruth L. Johnson (10-0832).

Negi, Alexandria VA hospital administrators Barbara Watkins and Dr. Hollis Reed, the VA VetPro Program, and the Inspector General's Office. In essence, Plaintiff alleges Dr. Negi did not properly treat Plaintiff and the other Defendants lied, in one way or another, in order to "cover up" Dr. Negi's actions.

II.   <u>Plaintiff's Motion to Amend/Correct Complaint (Doc.35)</u>

Turning to the pending motions, read in the best light, Plaintiff's Motion to Amend/Correct Complaint (Doc. 35) is properly characterized as a Motion to Reconsider our Ruling and Order dated March 31, 2011 (Doc. 20). In that ruling, in attempting carefully to analyze the suits filed by this plaintiff and plaintiffs in related cases, we determined three areas of claims potentially still existed and remained viable: (1) potential medical malpractice with all of its permutations; (2) claims under <u>Bivens v. Six Unknown Fed. Narcotics Agents</u>, 403 U.S. 388 (1971) (so called "<u>Bivens</u> actions"); and (3) violations of 38 U.S.C. § 1151 relating to eligibility for veterans' benefits. In the "Amended Suit" (Doc. 35), Plaintiff argues, in effect, that our determination as to these three claim areas was wrong, and he specifically reiterates his claims that acts done by Dr. Negi were deliberate, willful, and intentional. Plaintiff insists his claims remain properly analyzed under 42 U.S.C. § 1983 ("Section 1983") <u>only</u> and rejects our recharacterization of his claims.

It is obvious that Plaintiff, a non-lawyer, has misconstrued the nature of a <u>Bivens</u> action in relation to Section 1983 and the application of civil rights law in these instances. Title 42 of the United States Code at Section 1983, and following, constitute basic civil rights legislation from which many civil rights claims against

2

state actors will arise. Section 1983 has been uniformly construed as applying only to

state and not federal agents or actors, and there exists no corresponding federal civil

rights statute. However, the United States Supreme Court in Bivens recognized the

right to recover against federal actors for alleged violations of constitutional rights.

Bivens, 403 U.S. at 397 ("Having concluded that petitioner's complaint states a cause

of action under the Fourth Amendment . . . we hold that petitioner is entitled to

recover money damages for any injuries he has suffered as a result of the agents'

violation of the Amendment.").

The individual Defendants at all pertinent times were employees of the U.S.

Department of Veterans Affairs and therefore federal actors. Richardson v. U.S. Dep't

of Veterans Affairs, 172 F.3d 866, 1999 WL 129655 (5th Cir. 1999).  The interpretive

law regarding Bivens indicates rules for liability and responsibility under Section

1983 and Bivens are the same. In Dean v. Gladney, 621 F.2d 1331 (5th Cir. 1980), the

Fifth Circuit summarized: "The effect of Bivens was, in essence, to create a remedy

against federal officers, acting under color of federal law, that was analogous to the

section 1983 action against state officials." Id. at 1336 (finding the denial of

"respondeat superior liability in an implied cause of action under the Constitution

[Bivens-type action] . . . consistent with the rejection of such liability in the context of

section 1983"); see also Abate v. Southern Pacific Transp. Co., 993 F.2d 107, 110 n. 14

(5th Cir. 1993) ("*Bivens* is the federal counterpart of § 1983. In effect, it extends the

protections afforded by § 1983 to parties injured by federal actors not liable under

§1983."). Accordingly, we properly characterized Plaintiff's claims as falling under

3

Bivens, not Section 1983, and to the extent he objects to that characterization, Plaintiff is wrong. His Bivens action, and not an action under §1983, remains.

However, in order to sustain his Bivens action, Plaintiff "must first demonstrate that his constitutional rights have been violated." Garcia v. United States, 666 F.2d 960, 962 (5th Cir. 1982) (citing Davis v. Passman, 442 U.S. 228, 248 (1979)). Plaintiff insists "the fact that the defendants' [sic] in conspiracy conducted a campaign or [sic] terror, deliberate mistreatment of patients and violated their civil rights to life, liberty, and pursuit of happiness, and did this under color of law." (Doc. 35 at p. 2). Accompanied by Plaintiff's factual assertions, we understand these claims to be alleged violations of Plaintiff's substantive due process rights by federal actors in violation of the Fifth Amendment.

The Fifth Circuit has recognized the "right to be free of state-occasioned[4] damage to a person's bodily integrity is protected by the fourteenth amendment guarantee of due process." Doe v. Taylor Independent Sch. Dist., 15 F.3d 443 (5th Cir. 1994).[5] The Supreme Court in DeShaney v. Winnebago County Dept. of Social Services, 489 U.S. 189 (1989) recognized the relationship between the Fifth and Fourteenth Amendments as follows: "Like its counterpart in the Fifth Amendment,

_____

[4] In this phrase we use the generic term "state" to mean government in general, not a specific state.

[5] In so noting, the Fifth Circuit cited Shillingford v. Holmes, 634 F.2d 263, 265 (5th Cir. 1981) which was implicitly overruled by the Supreme Court's decision in DeShaney v. Winnebago County Dept. of Social Services, 489 U.S. 189 (1989). In DeShaney, the Court determined "nothing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by *private* actors. Id. at 195 (emphasis added). The Fifth Circuit in Doe confronted this issue and determined DeShaney did not overrule the existence of the bodily integrity substantive due process right. Doe, 15 F.3d at 452 n.3.

4

the Due Process Clause of the Fourteenth Amendment was intended to prevent government 'from abusing [its] power, or employing it as an instrument of oppression.'" Id. at 196 (quoting Davidson v. Cannon, 474 U.S. 344, 348 (1986)) (brackets in original). Accordingly, the Fifth Amendment provides due process protection for the bodily integrity of citizens from harm imposed by federal actors.

If true, Plaintiff's factual assertions of "deliberate mistreatment of patients" as a harm to his bodily integrity inflicted by federal actors potentially violates the Due Process clause of the Fifth Amendment; thus, his Motion for Reconsideration, as we understand it, asserts a constitutional violation, as required to proceed under Bivens.

Plaintiff made absolutely clear in his "Amended Suit" pleadings (Doc. 35) he does not wish for the Court to determine his suit based on medical malpractice but rather only on civil rights issues. We understand these pleadings to constitute a complete waiver of claims for medical malpractice, and therefore waiver of claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.* Given the pleadings filed we have no alternative but to confirm plaintiff's abandonment of his claims for medical malpractice. The Court will dismiss those claims. Additionally, in his opposition (Doc. 34), Plaintiff argues emphatically that he has only asserted a violation of "civil rights," and did not present any argument in support of a claim under 38 U.S.C. § 1151 relating to eligibility for veterans' benefits. For this reason, we also consider this claim to be abandoned and it will likewise be dismissed.

To the extent Plaintiff's motion requests and demands that we consider only the civil rights/Bivens claims, it will be granted. But in so ruling, we do not, at this

5

time, adopt all of the substantial factual background which he has provided with the motion. This is not to say we reject the information, but only that the factual backdrop presented is largely a matter of contest between Plaintiff and Defendants, and we expect those facts will continue to be argued either by separate motion or at trial as appropriate. Finally, Plaintiff is to be reminded that the Federal Rules of Civil Procedure must be followed even though he appears pro se.

III.   <u>Defendants' Motion to Dismiss (Doc. 30)</u>

In light of our determinations regarding Plaintiff's claims, we now turn to Defendants' pending Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 30). Plaintiff has filed an opposition (Doc. 34) which contains identical legal arguments to those set forth in his Motion to Amend/Correct Complaint (Doc. 35).

As discussed above, we consider Plaintiff to have abandoned his claims for medical malpractice and those pursuant to 38 U.S.C. § 1151. Therefore, as those claims will be dismissed, Defendants' motion to dismiss on these two grounds will be denied as moot. Concerning the <u>Bivens</u> claims, Defendants argue first, <u>Bivens</u> does not provide a viable cause of action and second, Plaintiff's <u>Bivens</u> claim would be time-barred. We have already established Plaintiff has asserted a possible violation of the Fifth Amendment by federal actors as required to proceed under <u>Bivens</u>.[6]

---

[6]   As discussed *supra*, Plaintiff's right to proceed under <u>Bivens</u> is grounded in substantive due process and his right to bodily integrity as described in <u>Doe</u>. We agree with Defendants that Plaintiff's <u>Bivens</u> action does not fall under <u>Cushman v. Shinseki</u>, 576 F.3d 1290 (Fed. Cir. 2009) (holding that a Board of Veteran's Appeals' consideration of altered medical document *in declining benefits* violated due process).

Regarding the statute of limitations however, we are required to look "to state law to determine the applicable statute of limitations for *Bivens* actions." Gaspard v. United States, 713 F.2d 1097, 1102 n.11 (5th Cir. 1983) (italics in original) (citations omitted). In this situation, the acts giving rise to Plaintiff's claim are, by law, delictual in nature and are governed by a liberative prescription of one year in accordance with Louisiana Civil Code Article 3492. Hawkins v. McHugh, 46 F.3d 10, 12 (5th Cir. 1995). As with Section 1983 actions, the prescriptive period for a Bivens claim begins to run "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." Piotrowski v. City of Houston, 51 F.3d 512, 516 (5th Cir. 1995) (quotations and citations omitted). In the case *sub judice*, we examine the record to determine when Plaintiff had "either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." Id.

Plaintiff's suit was filed December 14, 2009; therefore, any action by Defendants alleged to have occurred prior to December 14, 2008 would be prescribed and time barred. According to Plaintiff's medical records, all the alleged acts of mistreatment by Dr. Negi are confined to January of 2008. Records show that on January 23, 2008, Plaintiff was discharged from the Alexandria VA hospital and began having severe chest pain within several days of being discharged. He states he told his wife to take him to Rapides General because he "did not want to deal with Dr. Negi" and he "was told by doctors at Rapides that the fact Dr. Negi took [him] off of aspirin either caused or contributed to my blood clots in the lungs." Plaintiff's claim

7

accrued when he became aware he had suffered an injury, i.e., upon receipt of information by the doctors at Rapides General Hospital on February 4, 2008. At latest, suit would have to have been filed on or before February 4, 2009; it was not filed until December 14, 2009. Plaintiff's claims against the additional defendants all arise from the alleged mistreatment by Dr. Negi. Plaintiff did not file suit within one year of the accrual of his claim, and his claims have prescribed as a matter of law over which this Court has no control. For this reason, we find Defendants' Motion to Dismiss must be **GRANTED** based on Plaintiff's not having filed suit within the one year prescriptive period. A separate judgment in accord with this ruling will be entered.

SIGNED on this 23rd day of March, 2012 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE